# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHNNIE DOGGINS § | |
| § | Civil Action No. 4:18-CV-383 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| TIMOTHY GREEN, ET AL. § | |
| § | |

## MEMORANDUM ADOPTING AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the amended report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 17, 2020, the amended report of the Magistrate Judge (Dkt. #35) was entered containing proposed findings of fact and recommendations that Defendants' Motions to Dismiss (Dkts. #21; #25; #28) be granted and Plaintiff Johnnie Doggins's claims be dismissed without prejudice under *Rooker-Feldman*. Alternatively, the Magistrate Judge recommended Plaintiff's claims be dismissed as barred by the statute of limitations (Dkt. #35 at pp. 10–12). Having received the amended report of the Magistrate Judge, considered Plaintiff's Objection (Dkt. #37), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's amended report should be adopted.

## RELEVANT BACKGROUND

On February 1, 2019, Plaintiff filed his First Amended Complaint in the instant suit (Dkt. #14), the live pleading. Therein, Plaintiff principally claims his constitutional rights were violated when Defendants initiated civil-forfeiture proceedings as to Plaintiff's property in August 2007 arising out of his state criminal cases (Dkt. #14-1). Plaintiff's state criminal charges were dismissed in December 2007, and Plaintiff was thereafter indicted in the Eastern District of Texas (Dkt. #14-1 at p. 2). *See United States v. Doggins*, No. 4:07-CR-00250 (E.D. Tex. filed Dec. 12,

2007), ECF No. 1 Sealed.  Plaintiff was sentenced in his federal case in September 2009.  One month later, in October 2009, a Texas state court entered four "Final Judgment[s] of Forfeiture" finding his property forfeited as "contraband" under Chapter 59 of the Texas Code of Criminal Procedure (Dkts. #25-5; #25-6; #25-7; #25-8).  Almost nine years after the entry of these four Final Judgments of Forfeiture, Plaintiff filed this cause (Dkts. #1; #14; #14-1).

The Magistrate Judge's amended report recommends Plaintiff's claims be dismissed without prejudice under *Rooker-Feldman* (Dkt. #35 at pp. 7–10).  The Magistrate Judge's amended report further recommends, wholly in the alternative, that Plaintiff's claims be dismissed as barred by the statute of limitations (Dkt. #35 at pp. 10–12).  On August 31, 2020, Plaintiff timely filed Objections to the amended report (Dkt. #37).  Plaintiff asserts eight (8) objections to the amended report.  Plaintiff's first and third objections assert the Magistrate Judge erred by not mentioning Federal Rule of Criminal Procedure 41(g) and the September 20, 2013 motion he filed in his criminal case in the Eastern District of Texas (Dkt. #37 at pp. 1–2).  Plaintiff's fourth, seventh, and eighth objections assert *Rooker-Feldman* does not apply because the Eastern District of Texas had jurisdiction over his property under 21 U.S.C. § 841(A)(1) and Federal Rule of Criminal Procedure 41(g) and because the state court in Texas exceeded its authority (Dkt. #37 at pp. 2–3).  Thus, Plaintiff contends, "this Court is refusing to review [the] October 2009 final judgment" (Dkt. #37 at p. 3).  Plaintiff's second, fifth, and sixth objections assert Plaintiff's claims are not barred by the statute of limitations because he was "denied" the opportunity to appear at the 2009 state-court proceeding, Federal Rule of Criminal Procedure 41(g) governs rather than Federal Rule of Civil Procedure 12(b)(6), and the search warrant itself does not include a statute of limitations (Dkt. #37 at pp. 1–3).  The Court addresses first Plaintiff's objections related to the application of the *Rooker-Feldman* doctrine.

## OBJECTIONS TO AMENDED REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

The *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468 (1983)).  Here, Plaintiff argues the final judgments of forfeiture in state court are invalid under Texas law and that this Court, not the state court, should have jurisdiction over his forfeited property (Dkts. #14-1 at pp. 3, 5; #29 at 2).  Although Plaintiff initially states in his Objection that he is "not asking this Court to review [the] October 2009 final judgment," he later conversely concedes that he is, in fact, seeking such review:  "with the above mention[ed] evidence this Court is refusing to review [the] October 2009 final judgment[s]" (Dkt. #37 at p. 3).

Plaintiff's confusion regarding this Court's ability to review appears to stem from the fact that he was ultimately convicted of federal and not state charges.  However, the state court obtained jurisdiction over the property first as Plaintiff was charged first by the state court.  Moreover, as the Magistrate Judge correctly outlined, *Rooker-Feldman* bars federal challenges to state civil-forfeiture proceedings.  "[I]nferior federal courts lack subject-matter jurisdiction over cases that effectively seek review of judgments of state courts." *Paselk v. Texas*, No. 4:13-CV-97, 2013 WL 6187005, at *3 (E.D. Tex. Nov. 26, 2013) (citing *Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 345, 350 (5th Cir. 2003)); *see also Windfield v. Hughey*, No. 3:16-CV-2607-K-BK, 2016 WL

11697203, at *2 (N.D. Tex. Nov. 30, 2016) (citing *Fulton v. Texas*, 217 F. App'x 371 (5th Cir. 2007)), *report and recommendation adopted*, No. 3:16-CV-2607-K, 2016 WL 11697204 (N.D. Tex. Dec. 14, 2016).  Plaintiff's recourse was in state court, and his attempt to recast his suit some nine years after the fact as a civil-rights action is unavailing.  Plaintiff's claims are barred under *Rooker-Feldman* and should be dismissed without prejudice.  Plaintiff's citation to 21 U.S.C. § 841(a)(1) and Federal Rule of Criminal Procedure 41(g) do not change this result (Dkt. #37 at pp. 2–3).  Both are ultimately immaterial to the Court's disposition.  Returning to the underlying posture of Plaintiff's suit, the state civil-forfeiture proceedings as to Plaintiff's property began in August 2007 and culminated in four final judgments issued in state court in 2009.  By Plaintiff's own admission, Plaintiff is challenging those final judgments.  *Rooker-Feldman* precludes this challenge.  Accordingly, Plaintiff's claims must be dismissed without prejudice.

Because the Court agrees *Rooker-Feldman* is an appropriate basis for dismissal, the Court need not consider the Magistrate Judge's alternative basis for dismissal and Plaintiff's objections thereto.  Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #37) and conducted a de novo review, the Court adopts the findings of the Magistrate Judge's amended report (Dkt. #35).  Accordingly,

It is therefore **ORDERED** that Defendants' Motions to Dismiss (Dkts. #21; #25; #28) are **GRANTED**.  Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

All other relief not expressly granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
 SIGNED this 18th day of September, 2020.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE